UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie Graham, | ) | C/A No. 8:15-4231-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charles Webber, *Anderson County Probation,* | ) | |
| *Parole, & Pardon Services,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Eddie Graham, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He filed an amendment to his Complaint on October 19, 2015. See ECF No. 5.[1] Plaintiff is an inmate at the MacDougall Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

In this second case[2] brought by Plaintiff complaining about the actions of Defendant Charles Webber, an employee of the South Carolina Probation, Parole, and Pardon Services (working in the Anderson County office), Plaintiff requests compensation for double jeopardy and

---

[1]Both the original Complaint (ECF No. 1) and the amendment (ECF No. 5) have been considered by the undersigned in preparing this report and recommendation.

[2]In Graham v. Webber, No. 8:15-cv-03514-DCN (D.S.C.), Plaintiff alleged that Charles Webber, a state probation officer, arrested Plaintiff on a "fake" charge, served Plaintiff with probation violation hearing papers, tried to have Plaintiff's bond as to pending criminal charges revoked, and intimidated and threatened Plaintiff. The undersigned recommended that the complaint be summarily dismissed without prejudice and, on November 18, 2015, the Honorable David C. Norton, United States District Judge, adopted the report and recommendation and dismissed Plaintiff's complaint without prejudice. A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



for allegedly being extorted, threatened, and "locked up." He claims that his prison time "maxed out" on December 1, 2012, but during 2013 he was constantly harassed by the Defendant to pay a balance due that was part of Plaintiff's parole fee. Plaintiff asserts that he made payments, but the balance stayed the same; that the Defendant threatened to lock Plaintiff up if he did not make payments; and that Defendant stated he was putting Plaintiff on parole for another year. Plaintiff alleges that he sent his girlfriend to pay the money and she obtained receipts showing a balance of "0000." He also claims that he went with an attorney (who represented Plaintiff on another case) to see the Defendant, that the attorney asked what needed to be done for Defendant to leave Plaintiff alone, that the Defendant said give me $350 dollars, the attorney paid the $350 dollars, and Defendant agreed to close the case "a year later." Plaintiff claims that during a February 2015 probation violation hearing (which appears to be a separate issue and which Plaintiff challenged in his previous lawsuit),[3] the judge told Defendant that he could not hold Plaintiff's parole case open past December 1, 2014, or make Plaintiff pay the remaining balance because it was a parole case, not a probation case. Complaint, ECF No. 1 at 2-5. In his amendment to his Complaint, Plaintiff asserts that the Defendant committed fraudulent and deceptive acts, failed to fulfill his obligation

---

[3]It appears that Plaintiff was arrested on a violation of his probation due to other charges (Criminal Domestic Violence of a High and Aggravated Nature and Pointing and Presenting a Firearm) having been filed against him. See Anderson County Circuit Court Public Index, http://publicindex.sc courts.org/Anderson/PublicIndex/CaseDetails.aspx?County=04&CourtAgency =04001&Casenum=2014A0420700936&CaseType=C [Criminal Domestic Violence of High and Aggravated Nature]; http://publicindex.sccourts.org/Anderson/PublicIndex/CaseDetails.aspx?County =04&CourtAgency=04001&Casenum=2014A0420700937&CaseType=C [Pointing and Presenting a Firearm at a Person](last visited Jan. 6, 2016); see also Graham v. Webber, No. 8:15-cv-03514-DCN (D.S.C.). This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"]. Plaintiff's claims that the Defendant was improperly trying to have his probation revoked at this hearing were part of his previous case.

2

as a parole or probation officer, tried to make Plaintiff serve time for an offense for which Plaintiff was not sentenced or convicted, violated Plaintiff's constitutional rights, lied to the state court, and extorted money from Plaintiff. Plaintiff's requests monetary damages and that Defendant be disciplined. ECF No. 5 at 1-2.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below (many of which are the same as in his previous case against this Defendant) this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also



3

Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, Plaintiff's request for monetary compensation based on a claim that his parole was improperly lengthened or revoked by the Defendant is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Heck is also applicable to parole proceedings or the fact or duration of a parole term. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)[applying Heck to parole revocation decisions]; Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)[Heck "applies to proceedings that call into question the fact or duration of parole or probation."]; McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995)[noting preclusive rule of Heck is applicable to parole revocation proceedings]; Harris v. Miller, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec.19, 1994)["To the extent Appellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated."]; Brown v. Lemacks, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ["The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings."], adopted by 2010 WL 2179490 (D.S.C. May 27, 2010).

Plaintiff has provided no factual allegations to establish that his parole was terminated under circumstances indicating an invalidation of his parole or that any revocation proceedings were terminated in his favor under circumstances indicating a disposition in his favor. Indeed, Plaintiff

4

is currently incarcerated in the SCDC, with his court records indicating he pled guilty to General Sessions Indictment No. 2015-GS-0401068 on July 14, 2015.[4] Nothing in Plaintiff's allegations or the public records of his criminal charges and cases shows a favorable disposition of his parole case or of any parole revocation proceedings such as to subject the Defendant to monetary damages. Therefore, Plaintiff's claim for monetary damages is barred by Heck.[5]

Plaintiff also appears to allege that his "double jeopardy" rights were violated (see ECF No. 1 at 2), but he fails to provide any supporting facts and has therefore not stated a double jeopardy claim. Under the Fifth Amendment to the United States Constitution, a person may not be twice put in jeopardy of life or limb for the same offense. In general terms, this language has been interpreted to bar prosecution in the following three situations:

> 1. Where a person would be tried for the same offense after an acquittal;
> 2. Where a person would be tried for the same offense after a conviction; or
> 3. Where a person would receive more than one punishment for the same offense.

---

[4] Records from Anderson County indicate that on July 14, 2015, Plaintiff pled guilty to a charge of Intimidation of a Court Official, Juror, Or Witness (the arrest date was on July 14, 2015). See Anderson County Circuit Court Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/CaseDetails.aspx?County=04&CourtAgency=04001&Casenum=2015GS0401068&CaseType=C (last visited Jan. 6, 2016). Apparently as a result of this guilty plea, a number of other charges that were pending against him were nol prossed. Plaintiff's charges for Criminal Domestic Violence of a High and Aggravated Nature and Pointing and Presenting a Firearm have a disposition of "Nolle Prosequi" on the same date (July 14, 2015).

[5] Further, to the extent that Plaintiff is requesting that he be released from incarceration, such relief may only be obtained in a habeas action, not a complaint pursuant to 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition]. In Heck, the Supreme Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481(1994).

5

See Benton v. Maryland, 395 U.S. 784 (1969); North Carolina v. Pearce, 395 U.S. 711, 716 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)[holding Double Jeopardy Clause imposes no limits on retrying defendant who has succeeded in getting first conviction set aside]. Plaintiff's allegations against the Defendant do not involve any of the three above situations. See United States v. Hanahan, 798 F.2d 187, 189 (7th Cir. 1986)[ "[R]evocation of parole and a criminal prosecution can lawfully be based on the same transaction without violating the double jeopardy clause."]; United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996)[ "[A] sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized .... "]; see also United States v. Fonteneau, 277 F.App'x 293, 295 (4th Cir. 2008) ["[B]ecause a sentence imposed after the revocation [of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated."](citing cases).

"A parole revocation proceeding is an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law." Hanahan, 798 F.2d at 189. On the other hand, "[a] criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct." Id. at 189–90. Accordingly, "the subsequent criminal prosecution and punishment for conduct which previously served as the basis for a revocation of probation or parole does not offend the Double Jeopardy Clause of the Fifth Amendment." Woodrup, 86 F.3d at 362; see Morrissey v. Brewer, 408 U.S. 471 (1972) ["[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."]. Moreover, "the attachment of double jeopardy

6



rights depends on whether the individual is 'put in jeopardy' at a particular proceeding, not on whether the government has or has not met a particular standard of proof;" United States v. Miller, 797 F.2d 336, 342 (6th Cir. 1986); nor does the imposition of parole supervision fees constitute a violation of the double jeopardy or ex post facto clause. See, e.g., In re DNA Ex Post Facto Issues, 561 F.3d 294, 300 (4th Cir. 2009)[$250 processing fee for submission of DNA sample not punitive]; Taylor v. State of R.I., 101 F.3d 780, 783–84 (1st Cir.1996) [$15.00 monthly supervision fee was civil, not criminal, in nature]; Owens v. Sebelius, 357 F.Supp.2d 1281 (D.Kan. 2005)[deduction from plaintiff's prison trust account of fees incurred for parole supervision did not violate ex post facto clause because it was not punitive in nature, nor did it constitute an unlawful taking of property].

Additionally, the Defendant is himself entitled to quasi-judicial immunity with respect to any actions the Defendant took within the scope of his duties, to include with respect to the revocation of Plaintiff's probation (if that occurred), violation reports he authored or authorized, any recommendation for revocation of probation or parole, as well as any participation in Plaintiff's court proceedings. See Holmes v. Crosby, 418 F.3d 1256, 1259 (11th Cir. 2005)[parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties]; Galvin v. Garmon, 710 F.2d 214, 215 (5th Cir. 1983) [state probation officers entitled to qualified immunity]; Douglas v. Muncy, 570 F.2d 499, 501 (4th Cir.1978)[where the plaintiff alleged that his parole officer arbitrarily enforced the conditions of his parole, the Fourth Circuit noted that "[w]ith respect to the § 1983 claims, the district court was correct in its conclusion that...[Defendant], in his capacity as a parole officer, was also immune from such liability"]; Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984) [probation officers entitled to qualified immunity for their roles

in petitioning for probation revocation]; see also Faile v. South Carolina Department of Juvenile Justice, 566 S.E.2d 536, 540–541 (S.C. 2002) [applying South Carolina law]. In any event, as an employee of the South Carolina Department of Probation, Pardon, and Parole and the State of South Carolina, the Defendant is also entitled to Eleventh Amendment immunity in his official capacity as to any claims against him for monetary damages. All actions alleged to have been taken by the Defendant in this case were in his capacity as a parole officer.

The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social



8

Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

To the extent that Plaintiff is attempting to assert a claim or obtain reimbursement or monetary damages for the attorney that allegedly talked to the Defendant on Plaintiff's behalf and paid money to Defendant (see ECF No. 4-5), Plaintiff cannot assert a claim on another's behalf and such claims must therefore be dismissed. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].

Plaintiff's request that the Defendant be disciplined and terminated from his job is also not a prosecutable request before this court. See Maxton v. Johnson, 488 F.Supp. 1030, 1032,

9

n. 2 (D.S.C.1980), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.) [a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court], cert. denied, Clippinger v. United States, 364 U.S. 818 (1960). Further, to the extent Plaintiff requests that the Defendant be criminally prosecuted, Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or prosecution or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].

Finally, to the extent Plaintiff may be alleging claims under state law, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.

See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint indicates that all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1 at 2. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January ___, 2016
Charleston, South Carolina

11

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

